THE GREENWOOD LAKE IMPROVEMENT COMPANY, Appellant, v. THE NEW YORK AND GREENWOOD LAKE RAILROAD COMPANY, Respondent.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Deed. Mortgage.*—A deed, absolute in form though accompanied by an agreement providing for a reconveyance for a fixed sum within two years, and for sales by the grantee during that time upon the consent of the grantor to the purchase price, conveys the title to the grantee.

Appeal from judgment in favor of defendants.

Action for trespass.

One McDowell was the owner of an undivided half of certain real estate, and conveyed the same to defendant Van Vleck, the owner of the other half. Van Vleck executed an instrument by which it was agreed that he should reconvey to McDowell, on the latter repaying him the purchase price within two years. Provision was also made for sale of the land by Van Vleck at prices to be agreed to by McDowell. No repayment was made within the two years. McDowell afterwards conveyed to plaintiff.

The defendant railroad had a right of way over a seventy-five foot strip, to which plaintiff makes no claim; but at the request of Van Vleck it changed its track so as to run upon the land in question, which is the trespass complained of.

The court below found as conclusions of law :

*First.* The conveyance from William O. McDowell and wife to Robert B. Van Vleck of September 20, 1886, and the agreement from Van Vleck to McDowell of the same date, constituted a conditional sale of the undivided half of the premises therein described, and on the failure to pay the money in such agreement provided to be paid within two

years from the date of such agreement, the title to such undivided half became absolute in the grantee in said deed.

*Second.* The New York & Greenwood Lake Railroad Company has been since June 1, 1888, and now is, lawfully in the occupation and use of the premises mentioned in the complaint, to the extent that it had, during that period, used and occupied them.

*Third.* The plaintiff is not entitled to the relief demanded in the complaint, or any part of such relief, and its complaint should be dismissed on the merits of the action, with costs, and I order and direct judgment accordingly.

The court below also delivered the following opinion:

BARNARD, P. J.—The deed from McDowell to Van Vleck was intended to be absolute; and to convey a title and not a mere conveyance with a defeasance. It is absolute on its face.

The accompanying agreement provided for a reconveyance for a fixed sum within two years. It is true this sum had been loaned by Van Vleck to McDowell, but if the deed was only intended as a security, payment would reinstate McDowell without a reconveyance by Van Vleck. The deed was recorded as a deed. The agreement provided for sales by Van Vleck under the deed during the two years, and provided only that the purchase price should be agreed to by McDowell, and should be credited on the purchase price. It is inconceivable that the parties designed to have conveyances made which rested solely on a mortgage title. If Van Vleck was the real owner, the case is a plain one.

The railroad company, defendant, had a contract with Cooper & Hewitt, to carry ice from their house. This ice-house property had a right of way over the Van Vleck property for cars.

It is not entirely clear that the right of way was confined to the seventy-five foot strip, but assuming it was so confined,

it was competent for Van Vleck to change the location, so as to put it on his land outside of the strip, and for his own benefit. He did this; the defendant expended large sums of money under Cooper & Hewitt, to make the new road. The parties had the right to construe the right of way to be broad enough for this, and having executed the agreement in respect thereto, the new way binds both parties.

The complaint is, therefore, dismissed with costs.

*Charles S. Noyes*, for appellant.

*Lewis E. Carr*, for respondents.

DYKMAN J.—The object of this action is to restrain the defendant from entering upon and using the land in question, and for the recovery of $1,000 damage for wrongfully using the land for railroad purposes.

The trial was without a jury before a judge, and he has rendered a judgment in favor of the defendant, from which the plaintiff has appealed.

The trial judge found the facts in favor of the defendant, and found that the company was in lawful occupation and use of the premises in question to the extent that the same had been used and occupied by the defendant.

Such findings required a judgment for the defendant, and they are all supported by the evidence and justified by the law.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurs.